## WHEELER *v.* TOWNS.

In an appeal from the decree of the judge of probate allowing the probate of a will, the heirs of the testator and the legatees in the will, not being appellants, though interested, are not parties in interest so as to be excluded from testifying as witnesses, though the executor does not elect to testify.

THIS was an appeal from the decree of the court of probate, that the will of John Towns, late of Keene, deceased, was duly proved.

The appellant alleged that said John Towns, at the time of making his supposed will, was not of sane mind; that he was induced to make and execute the said instrument by the undue influence and by the fraud of others, and that he was not of sane mind as to the subjects and matters contained in it; and issues were joined upon each of these points.

Upon the trial, R. J. Holt was offered as a witness by the appellant. The executor, who was not offered as a witness, objected that he was a son-in-law of the deceased, that his wife was a legatee in the will to a very small amount only, and was entitled to a distributive share of the estate, which was shown to be large, in case the will should not be proved, and was therefore a party in interest, and incompetent to testify. The same objection was made to the sons and daughters of the deceased, who were admitted to testify.

The objection was overruled, and the executor excepted, and afterward moved that the verdict rendered for the appellant should be set aside on account of said exception; and the question was reserved.

*Wheeler & Faulkner*, for the executor.

*Cushing, Lane,* and *Webster*, for the appellant.

SARGENT, J. The objection which was made and overruled in this case was, that those offered as witnesses were parties; not the parties of record, but the real parties in interest. Now the fact that they were interested is no objection. Mere interest is no disqualification. The statutes of 1857 and 1858 remove the disqualification of interest in witnesses, and allow all persons, notwithstanding their interest, and all parties to suits, with certain specified exceptions, to testify.

These exceptions are placed, not on any ground of interest, but on grounds of equity and of public policy. One of these exceptions is, that a party shall not be allowed to testify where the adverse party is an executor or administrator, and does not himself elect to testify. This exception is not based on any ground of interest, but merely to protect the estate represented by the executor or administrator, and while one party, who is presumed to have known all about the transaction in question, is dead, and his estate represented by one who is presumed to know nothing about it, it will not allow the other party to the same transaction to be a witness for himself; the design of the law being, so far as possible, to place the parties on

an equal footing, and not give one party an undue advantage over the other. The case before us may not be one where the reason for this exception to the general rule is very apparent, or one to which it applies with great force. But although we may not be able in this case to see that the appellant is in a position to know any thing more about the facts involved in this controversy than the executor, yet the only safe way is to draw the line where the legislature has drawn it, and one party here being an executor, and not electing to testify, we hold that the opposite party can not be received as a witness.

The only question then to settle is, was Mrs. Holt a party ? That she was the party of record is not pretended; that she was interested is not denied. If a party, she was a party on both sides; for the case finds that she was a legatee, and also an heir. And the main question in controversy is between these two classes of persons, heirs and legatees; for if the will is sustained, the legatees take the property under the will; if the will is not sustained, the property of the testator goes to his legal heirs. There are other minor questions involved, to be sure; such as, Shall the plaintiff be executor ? &c. Now if Mrs. Holt was a party, really a party in interest, she could not testify; if not a party, although interested, she might testify. *Reed* v. *Spaulding*, 42 N. H. 114. If she was a party, her husband could not testify; otherwise he could. *Kelley* v. *Proctor*, 41 N. H. 139.

In defining the meaning of the term " parties," Greenleaf says, that " under the term parties, the law includes all who are directly interested in the subject matter, and have a right to make defense, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine witnesses adduced on the other side. Persons not having these rights are regarded as strangers to the cause." 1 Greenl. Ev., sec. 523 ; *Carleton* v. *Patterson*, 29 N. H. 580.

The real party, whether he be the nominal party or not, possesses these rights, and courts will protect him in exercising them, and against the improper interference of the nominal party. *Bank of Chenango* v. *Hyde*, 4 Cow. 567 ; *Allen* v. *Ayers*, 3 Pick. 298 ; *Farnsworth* v. *Sweet*, 5 N. H. 267.

According to this definition, the witnesses here objected to were not parties, for they possessed none of the rights or qualifications of parties except interest. They had no right to make defense, to control the proceedings, to appeal from the judgment, or to take exceptions to the rulings of the court, produce testimony or cross-examine witnesses, nor can they be liable for costs. In this case the executor has proved the will in common form, and some one, this defendant it would seem, has petitioned to have the same proved in solemn form; which being done, and a decree entered that the will was duly proved, the defendant appealed. That others beside this defendant, that those who were offered as witnesses, might have petitioned for a re-probate of the will, and might have appealed from the decree, does not alter the case, since they have not done so. The case does not find that others have taken any part in the

appeal, or have indemnified the appellant, or have incurred any expense in the suit, or have any legal control over or right to interfere with it. For aught that appears, they have acquiesced in the decree of the judge of probate.

Administrators and executors, for certain purposes, represent the testate or intestate; for other purposes the heirs or legatees; and for still other purposes the creditors; but so long as the suit is prosecuted by the administrator or executor as such, in his own behalf, and on his own account for the benefit of any and all who may in any way be affected by his acts, whether creditors, or heirs, or legatees, he is, to all intents and purposes, the party on one side, and to him and the real adverse party to the litigation (the appellant in this case), the exception in the statute applies; but the heirs, the legatees (unless it might be in certain cases of residuary legatees), and creditors, not being appellants, though all interested, are notwithstanding competent witnesses, whether the executor elects to testify, or not.

*Judgment on the verdict.*